Jackson v State of New York (2018 NY Slip Op 07215)





Jackson v State of New York


2018 NY Slip Op 07215


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

525716

[*1]ERWIN JACKSON, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Erwin Jackson, Elmira, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Court of Claims (Schaewe, J.), entered October 5, 2017, which denied claimant's motion to set aside the verdict.
Claimant, a prison inmate, purportedly received deficient medical treatment for his degenerative hip condition and commenced this action sounding in negligence and medical malpractice. The matter proceeded to trial and, at the end of claimant's case, defendant moved to dismiss the claim. The Court of Claims granted the motion and dismissed the claim, prompting claimant to file a posttrial motion for various relief. The Court of Claims treated claimant's motion as one to set aside the verdict and denied it, prompting this appeal by claimant.
We affirm. Claimant contends that he was deprived of his right to a public trial due to his participation in the trial via video conference from prison. He did not object to appearing in this manner, which was apparently an exercise of the Court of Claims' power to deploy "innovative procedures where 'necessary to carry into effect the powers and jurisdiction possessed by [the court]'" (People v Wrotten, 14 NY3d 33, 37 [2009], cert denied 560 US 959 [2010], quoting Judiciary Law § 2-b [3]). The manner of claimant's appearance did not, in any way, alter the facts that the trial was conducted in a Court of Claims courtroom and open to the public as required (see Judiciary Law § 4; People v Jelke, 308 NY 56, 62-64 [1954]; Fiorenti v Central Emergency Physicians, PLLC, 39 AD3d 804, 806-807 [2007]; compare CPLR 4013 [stipulation required when trial occurs somewhere "other than the courthouse"]). Accordingly, claimant's motion was properly denied.
Claimant's remaining contention has been considered and found to be lacking in merit.
McCarthy, J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.